IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE A. PARET-RUIZ,

    **Plaintiff,**

    v.

UNITED STATES OF AMERICA,

    **Defendant.**

Civil No. 11-1404 (GAG)

**OPINION AND ORDER**

Jorge Paret-Ruiz ("Plaintiff" or "Paret-Ruiz") brings this action against the United States ("Defendant" or "government"), seeking damages pursuant to the Federal Tort Claims Act ("FTCA") for malicious prosecution, false arrest, and false imprisonment. (See Docket No. 1.) Presently before the court is the government's motion to dismiss. (Docket No. 32.) For the following reasons, the court **DENIES** the motion to dismiss at Docket No. 32.

**I.  Standard of Review**

Defendant evaluates Plaintiff's claims against the standards of review for motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. Plaintiff responded by arguing Defendant moved for judgment on the pleadings. "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). In evaluating a motion for judgment on the pleadings, the court must view the facts in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006). The court will evaluate the claims under Rules 12(b)(1) and 12(b)(6) because Defendant filed its motion as a motion to

dismiss.

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Motions to dismiss under 12(b)(1) are also subject to the same standard of review as motions to dismiss under 12(b)(6). Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994).

**II.     Legal and Factual Background**

**Civil No. 11-1404 (GAG)**

Plaintiff was indicted and convicted of conspiracy to import with intent to distribute and conspiracy to possess with intent to distribute five or more kilograms of cocaine. (See Docket No. 1 at 5.) Plaintiff spent more than two years in prison. (Id. at 6.) The First Circuit reversed Plaintiff's conviction due to insufficient evidence of a conspiracy between Plaintiff and other individuals. United States v. Paret-Ruiz, 567 F.3d 1, 7-8 (1st Cir. 2009). The conspiracy only existed between Plaintiff and an undercover DEA agent, which legally does not constitute conspiracy. Id. Plaintiff filed the present complaint alleging false arrest, false imprisonment, malicious prosecution, assault, taking of Plaintiff's property, and intentional and negligent infliction of injuries. (See Docket No. 1.) Previously, the government filed a motion to dismiss for failure to state a claim, which the court granted as to the DEA being an improper defendant, assault during Plaintiff's arrest, taking of Plaintiff's property, and injuries Plaintiff suffered while in prison. (See Docket No. 19 at 13.) The court denied the motion to dismiss as to Plaintiff's claims for false arrest, false imprisonment, malicious prosecution, and taking of property pursuant to the FTCA. (Id.) The government now seeks dismissal because Plaintiff's claims are not plausible on their face and the court lacks subject matter jurisdiction because the discretionary function exception of the FTCA bars Plaintiff's claims. (See Docket No. 32 at 11.)

**III.    Discussion**

    **A.    Subject Matter Jurisdiction and Discretionary Function**

The government attempts to recast the conduct which Paret-Ruiz labels as false arrest, false imprisonment, and malicious prosecution as negligent investigation and asserts that this court lacks subject matter jurisdiction because the discretionary function exception to the FTCA does not waive

**Civil No. 11-1404 (GAG)**

the government's sovereign immunity. (See Docket No. 32 at 11.) The government mistakenly asserts, "[P]laintiff do[es] not allege that DEA agent[s], or any other federal officials, violated DEA guidelines or federal statutes." (Id. at 14.) Plaintiff argues that his claims fall within the law enforcement officer exception to 28 U.S.C. § 2680(h) ("Section 2680(h)") and the discretionary function exception is inapplicable because law enforcement officers do not have the discretion to commit crimes, namely perjury. (See Docket No. 36 at 11-12.) The convergence of these two sections proves most troublesome to courts.

While all courts agree the applicability of the discretionary function exception is difficult, the court begins with some bedrock sovereign immunity principles. The government cannot be sued unless Congress expressly and unequivocally waives the government's sovereign immunity. United States v. Bormes, 133 S. Ct. 12, 16 (2012). The FTCA generally waives the government's sovereign immunity for the tortious acts of its employees, but is subject to several broad exceptions. Limone v. United States, 579 F.3d 79, 88 (1st Cir. 2009). The discretionary function exception provided by 28 U.S.C. § 2680(a) ("Section 2680(a)") is "[p]erhaps the most expansive" exception. Santana-Rosa v. United States, 335 F.3d 39, 42 (1st Cir. 2003). By enacting Section 2680(a), Congress reserved immunity for discretionary functions "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 813 (1984). Section 2680(a) states the waiver of immunity shall not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function

**Civil No. 11-1404 (GAG)**

> or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The Supreme Court has provided a two-part test to determine whether the discretionary function exception applies to a FTCA case. First, the challenged conduct must be discretionary in nature, and second it must be the type of conduct "that the discretionary function exception was designed to shield." United States v. Gaubert, 499 U.S. 315, 322-23 (1991). The First Circuit has applied this test to give law enforcement officers broad discretion in how best to enforce the law. Barbioni v. United States, 132 F.3d 30, 30 (1st Cir. 1997); Horta v. Sullivan, 4 F.3d 2, 21 (1st Cir. 1993) ("[A]lthough law enforcement agents have a mandatory duty to enforce the law, decisions as to how best to fulfill that duty are protected by the discretionary function exception to the FTCA."); Kelly v. United States, 924 F.2d 355, 362 (1st Cir. 1991). However, "[t]he requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" Gaubert, 499 U.S. at 322 (quoting Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988)).

The government has also maintained its immunity for certain intentional torts, but has provided a law enforcement proviso that waives immunity for enumerated intentional torts when committed by law enforcement officers:

> The provisions of this chapter and section 1346(b) of this title shall not apply to . . . (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers

**Civil No. 11-1404 (GAG)**

> of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).

Congress enacted the law enforcement proviso in response to several outrageous incidents involving law enforcement officers. Among these incidents were two raids in Collinsville, Illinois, and the events at issue in Bivens. See Sutton v. United States, 819 F.2d 1289, 1297 (5th Cir. 1987) (detailing the backdrop for passage of Section 2680(h)). At the time, the individuals harmed in these cases could bring Bivens claims against individual law enforcement agents, but not against the government. Id. at 1295 n.11. Because law enforcement officers are frequently judgment-proof, the ability to sue individual officers but not the government "is a rather hollow remedy." Nguyen v. United States, 556 F.3d 1244, 1255 (11th Cir. 2009) (quoting 119 Cong. Rec. 2789-91 (1973)). In passing the law enforcement proviso, Congress intended to provide citizens with a legal remedy against the government for intentional torts committed by government agents. Sutton, 819 F.2d at 1296.

The reservation of immunity in Section 2680(a) and the waiver of immunity in Section 2680(h) conflict when law enforcement officers commit intentional torts while performing discretionary functions. Whether a plaintiff asserting an intentional tort must also show that the law enforcement officer's conduct was not discretionary has created a split among the circuits. See Nguyen, 556 F.3d at 1252 (analyzing competing statutory language and Congressional intent of

**Civil No. 11-1404 (GAG)**

Sections 2680(a) and (h)).

One line of logic is that Congress was aware of the judicial interpretation of the immunity maintained by Section 2680(a), and that waivers of sovereign immunity must be strictly construed in favor of the sovereign, when it passed the law enforcement provision. Such logic necessitates that the discretionary function exception applies to the intentional torts enumerated in Section 2680(h). Medina v. United States, 259 F.3d 220, 225 (4th Cir. 2001); Gray v. Bell, 712 F.2d 490, 508 (D.C. Cir. 1983). Although the Gray court did not see an inherent conflict between Section 2680(a) and 2680(h) because it narrowly construed 2680(h) to include "primarily persons (such as police officers) whose jobs do not typically include discretionary functions," modern jurisprudence and First Circuit precedent provide law enforcement officers with broad discretion to perform their duties. See Sutton, 819 F.2d at 1296-97 (noting broad interpretation of Section 2680(a) would nullify Congressional intent in enacting Section 2680(h)); Barbioni, 132 F.3d at 30 (noting "even where discretion has been abused, 28 U.S.C. § 2680(a) protects those acts which constitute the performance of a discretionary function"). However, it is possible that law enforcement officers committing intentional torts will act in violation of a law and, therefore, the discretionary function exception will not protect their conduct. Id. at 1298.

The second line of logic is "that if the law enforcement proviso is to be more than an illusory—now you see it, now you don't—remedy, the discretionary function exception cannot be an absolute bar which one must clear to proceed under § 2680(h)." Id. at 1297. Employing the canons of statutory construction and examining Congressional intent behind the law enforcement proviso, the Eleventh Circuit held a court need not determine whether the acts giving rise to a claim

**Civil No. 11-1404 (GAG)**

enumerated in Section 2680(h) were also discretionary because "sovereign immunity is waived in any event." Nguyen, 556 F.3d at 1257. When a general statutory provision and a specific statutory provision conflict, the specific provision governs. Bormes, 133 S. Ct. at 18-19; Edmond v. United States, 520 U.S. 651, 657 (1997). Because the law enforcement proviso specifically waives the government's sovereign immunity for six intentional torts, the general reservation of sovereign immunity for the exercise of any discretionary function does not apply to those intentional torts. Nguyen, 556 F.3d at 1253. Moreover, when an older statutory provision conflicts with a more recently enacted statutory provision, "the more recent expression of Congress' intent" governs. Antilles Cement Corp. v. Fortuno, 670 F.3d 310, 322 (1st Cir. 2012). In this case, the discretionary function exception was enacted in 1946, while the law enforcement proviso was enacted in 1974. Nguyen, 556 F.3d at 1253. Therefore, to the extent that Section 2680(a) and Section 2680(h) conflict, Section 2680(h) controls.

This issue divides the circuits. The Fourth, Ninth, and D.C. Circuits require a plaintiff to demonstrate the officer's actions were not discretionary. Medina, 259 F.3d at 225; Gen. Dynamics Corp. v. United States, 139 F.3d 1280, 1283 (9th Cir. 1998); Gray, 712 F.2d at 507. The Fifth and Eleventh Circuits held Section 2680(a) does not apply to the intentional torts listed in Section 2680(h). Sutton, 819 F.2d at 1297; Nguyen, 556 F.3d at 1253. When presented with this conflict in Limone, it was unnecessary for the First Circuit to decide the issue as the determination was not crucial to deciding the case. 579 F.3d at 88. Based on this precedent, the court adopts the reasoning of the Fifth and Eleventh Circuits and applies that logic to this case.

Not surprisingly, the government urges the court to adopt Gray's interpretation and apply the

**Civil No. 11-1404 (GAG)**

discretionary function exception to bar Plaintiff's claims because "the improper and tortious actions allegedly undertaken by the defendants are too intertwined with purely discretionary decisions of the prosecutors to be sufficiently separated from the initial decision to prosecute." (See Docket No. 32 at 15 (quoting Gray, 712 F.2d at 516).) However, after examining the statute and Congressional intent, this court finds Gray's interpretation to be at odds with this circuit's precedent regarding the amount of discretion government officials enjoy and with statutory interpretation principles. This interpretation is the only one that gives effect to Congress' intent to waive sovereign immunity for malicious prosecution committed by law enforcement officers.

It is possible that even if the court held a plaintiff bringing claims under 2680(h) must also show the law enforcement officer's conduct was not discretionary, Plaintiff's claims may still survive the motion to dismiss. In his complaint, Plaintiff alleges that government agents attempted to entrap Plaintiff and then perjured themselves when Plaintiff did not fall for the entrapment. (See Docket No. 1 at 3-4, 6.) Perjury is illegal. 18 U.S.C. § 1621. The DEA agents did not have discretion as to whether they should commit perjury. Therefore, the first element of the Gaubert test is not satisfied. As to the second element of the Gaubert test, "[t]here can be no argument that perjury is the sort of 'legislative [or] administrative decision[ ] grounded in social, economic, and political policy' that Congress sought to shield from 'second-guessing.'" Reynolds v. United States, 549 F.3d 1108, 1113-14 (7th Cir. 2008) (quoting Varig Airlines, 467 U.S. at 813) (internal quotation marks omitted). The conduct which Paret-Ruiz complains of satisfies neither element of the Gaubert test and, therefore, could not be discretionary. For the foregoing reasons, the discretionary function exception to the FTCA does not bar Plaintiff's claims and the court **DENIES** Defendant's motion

**Civil No. 11-1404 (GAG)**

to dismiss.

    **B.**    **Failure to state a claim**

        1.    <u>Malicious Prosecution</u>

The government alternatively contends that Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. (<u>See</u> Docket No. 32 at 7-8.) The court will not revisit this issue as it previously ruled Paret-Ruiz stated a plausible claim for malicious prosecution.

> "Plaintiff's complaint is rife with accusations that Defendants lied and misrepresented his statements and actions from his dealing with undercover officers all through trial. . . . In order for the court to determine whether the grand jury indictment was obtained through lies and misrepresentation, the court must weigh the evidence. That process is best left for the summary judgment stage of litigation rather than the motion to dismiss stage. Therefore the court **DENIES** Defendants' motion to dismiss the malicious prosecution claim at this time."

<u>Paret-Ruiz v. United States</u>, 847 F. Supp. 2d 289, 297-98 (D.P.R. 2012).

Discovery has ended. Nothing exceptional has occurred to force the court to revisit this issue. The government may raise this issue with a valid motion for summary judgment supported by the record.

        2.    <u>False Arrest and False Imprisonment</u>

A claim for false arrest and false imprisonment accrues under Puerto Rico law when "[a] person, whether or not a law enforcement officer, . . . by himself or through another one unlawfully detain[s] or cause[s] the unlawful detention of another person." <u>Harrington v. United States</u>, 748 F. Supp. 919, 933 (D.P.R. 1990) (quoting <u>Ayala v. San Juan Racing Corp.</u>, 12 P.R. Offic. Trans. 1012, 1021 (1982)). The elements of these causes of action are identical. <u>Harrington</u>, 748 F. Supp. at 933. "An indictment fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause and requires issuance of an arrest warrant

**Civil No. 11-1404 (GAG)**

without further inquiry." Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975). Law enforcement officers are generally not liable for false arrest when the arrest is made pursuant to a valid warrant because the arrest is conditionally privileged. Rodriguez v. United States, 54 F.3d 41, 45 (1st Cir. 1995). However, a grand jury indictment obtained by perjury does not "definitively establish probable cause." Rucci v. United States INS, 405 F.3d 45, 49 (1st Cir. 2005).

The facts as alleged are that the DEA attempted to induce Plaintiff into committing a crime. (See Docket No. 1 at 2-3.) When Plaintiff did not commit the crime, the agents committed perjury to obtain an indictment and conviction. (Id. at 2-6.) The arresting agents knew there was no probable cause to arrest Plaintiff for a conspiracy because there was no evidence that Plaintiff conspired to import. (Id. at 7.) After Plaintiff spent several years in prison, the First Circuit overturned his conviction. (Id. at 6.) Accepting these facts as true, as the court must at this stage, Plaintiff has stated plausible claims for false arrest and false imprisonment. If DEA agents committed perjury to obtain the indictment and then arrested Plaintiff knowing the indictment was wrongfully obtained, they would also be liable for false arrest and false imprisonment. For the court to determine whether the grand jury indictment was obtained through misrepresentation, the court must weigh the evidence. That process is best left for summary judgment. Paret-Ruiz, 847 F. Supp. 2d at 297. Therefore, the court **DENIES** Defendant's motion to dismiss the false arrest and false imprisonment claims at this time.

**IV.    Conclusion**

For the aforementioned reasons, the court **DENIES** Defendant's motion to dismiss at Docket No. 32.

11

**Civil No. 11-1404 (GAG)**

1      **SO ORDERED**

2      In San Juan, Puerto Rico this 6th day of May, 2013.

3      *S/Gustavo A. Gelpí*

4      GUSTAVO A. GELPÍ

5      United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21